**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Claudia Calcelia,

     Plaintiff,
                                  Civil Action File No.:

v.

                                         **COMPLAINT WITH**
Alltran Financial, LP                    **JURY TRIAL DEMAND**

     Defendant

---

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1.     Plaintiff, Claudia Calcelia, is a natural person who resides in Fulton County, Georgia.

2.      Defendant, Alltran Financial, LP is a limited partnership headquartered in Houston, Texas and can be served through its Principal, Michael K Strachan, at 5800 North Concourse Drive, Houston, Texas  77072-1613.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County.

## FACTUAL ALLEGATIONS

7.      Plaintiff is a 51-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8.      Plaintiff is allegedly obligated to pay a consumer debt arising out of credit card account used for personal and everyday goods and services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.      Defendant is a collection agency specializing in the collection of consumer debt.

10.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

14.     As a result of her disability and not an inability to engage in gainful employment, the Plaintiff has fallen behind in a number of consumer accounts.  As

a result, she has received calls and letters from a number of parties, including the Defendant.

15.     Because of the Plaintiff's dire financial condition, she caused to be mailed to the Defendant a letter dated October 8, 2020 advising that Plaintiff would not make a payment to the Defendant on the account in collection. A copy of the Plaintiff's letter is filed herewith as Exhibit 1.

16.     Per the tracking service provided by the United States Postal Service, Defendant received Plaintiff's letter on October 13, 2020. Proof of delivery is filed herewith as Exhibit 2.

17.     Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff. Specifically, on October 21, 2020 the Defendant sent an email to the Plaintiff again demanding payment on the account which was the subject of the Plaintiff's letter of October 8th. A copy of the Defendant's email is filed herewith as Exhibit 3.

18.     The actions of the Defendant concerned and worried the Plaintiff resulting in her obtaining legal counsel to determine her best course of action.

## **INJURIES-IN-FACT**

19.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to

collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health,*

*Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th

Cir. 2016).

20.     An injury-in-fact sufficient to satisfy Article III standing requirements

"may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455

U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

21.     Violation of statutory rights are not a "hypothetical or uncertain"

injury, but one "that Congress has elevated to the status of a legally cognizable

injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

22.     Plaintiff has a right to be free of collection communications, and the

anxiety they produce, upon notifying the Defendant in writing that she will not

make a payment.

23.     Defendant's refusal to abide by the restraints mandated by 15 U.S.C. §

1692c(c) caused particularized harm to the Plaintiff in that the continued contact in

violation of the statute caused her anxiety and stress.

24.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

25.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)     Anxiety and worry caused by concern that Defendant would continue to communicate with and badger the Plaintiff into a payment despite the impossibility of her financial circumstances.  The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

26.    Plaintiff incorporates by reference paragraphs 1 through 25 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

27.    The Fair Debt Collection Practices Act compels a debt collector to cease communicating with a consumer if the consumer advises the collector in writing that she refuses to pay a debt.  15 U.S.C. § 1692 c(c).  There are three exceptions to this statutory command, none of which are applicable to the conduct and communication received from the Defendant by the Plaintiff on October 21st, 2020.

28.    Defendant's email of October 21, 2020 was a violation of 15 U.S.C. § 1692 c(c).

### *Violations of 15 U.SC. § 1692d and subparts*

29.    Having actual knowledge that the Plaintiff is permanently disabled and unable to engage in employment, and that she has no means to pay the debt being collected, the email of October 21st to Plaintiff after was intended to harass, abuse, embarrass, and intimidate the Plaintiff.

30.    Defendant's conduct violated 15 U.S.C. § 1692d.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES

## ACTO.C.G.A. § 10-1-390, et seq.

31.     Plaintiff incorporates by reference paragraphs 1 through 25 and 27 through 30 as though fully stated herein.

32.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

33.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

34.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

35.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

36.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

37.     Defendant's conduct has implications for the consuming public in general.

38.     Defendant's conduct negatively impacts the consumer marketplace.

39.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

40.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

41.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

42.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

43.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

44.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 4th day of November, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*